IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Petitioner, | ) Case No. 0:22-cv-60988 |
| v. | ) |
| KEVIN W. WESSELL, | ) |
| Respondent. | ) |

## UNITED STATES' PETITION TO ENFORCE IRS SUMMONS

The United States of America, through undersigned counsel, petitions the Court for an order enforcing an Internal Revenue Service summons served on Respondent Kevin W. Wessell pursuant to 26 U.S.C. § 7602. In support of this petition, the United States alleges as follows:

1. This is a proceeding brought pursuant to 26 U.S.C. §§ 7402(b) and 7604(a) for judicial enforcement of an IRS summons described below.

2. The Court has jurisdiction over this proceeding pursuant to 26 U.S.C. §§ 7402(b) and 7604(a) and 28 U.S.C. §§ 1340 and 1345.

3. Mr. Wessell resides or may be found within the boundaries of this judicial district.

4. The IRS is conducting an investigation to determine the identities and correct income tax liabilities of United States persons who used the services of the Wessell Group between 2012 and 2017 to establish, maintain, operate, or control: any foreign financial account or other asset; any foreign corporation, company, trust, foundation, or other legal entity; or any foreign or domestic financial account or other asset in the name of a foreign entity.

5. The Wessell Group is comprised of entities and websites that are operated by, that appear to be controlled by, and that are (or in the past have been) at least partially owned by Mr. Wessell.

6. The Wessell Group includes the following entities: Eagle Estate, LLC; Lincoln International Services, Inc; Lincoln Management Group, LLLP; Eagle Rock Mountain, LP; LAP Trust; Incway Corporation Which Will Do Business In California As Companies Incorporated; Companies Inc.; Worldwide Education Services; 1-800-Company; 1-800-Company, LLLP; Presidential Services Incorporated; PSI Holdings, Inc.; National Management Associates, Inc., doing business in California as General Corporate Services, Inc.; Offshore Corporation; OffshoreCorporation.com, which is a website; Offshore Company, Inc., which is a website; CanadianCorp.com, which is a website; and Corporacion.com, which is a website.

7. In connection with the IRS's investigation, the United States filed sealed *ex parte* petitions, pursuant to 26 U.S.C. § 7609(f), in three jurisdictions seeking leave to serve "John Doe" summonses. The petition filed in this Court sought permission to serve a summons on, *inter alia*, Mr. Wessell.

8. On September 13, 2018, Judge William P. Dimitrouleas signed a sealed order granting the United States' petition. That order and the remaining case documents were subsequently unsealed on September 28, 2018.

9. In accordance with 26 U.S.C. § 7609(f) and Judge Dimitrouleas's order, the IRS issued a summons to Mr. Wessell directing him to appear on October 26, 2018 at 10:00 a.m. before IRS Supervisory Revenue Agent Karen Cincotta or her designee at the Internal Revenue Service Office at 7850 SW 6th Court in Plantation, FL, to provide testimony and to produce for examination books, records, papers, and other data.

10. In accordance with 26 U.S.C. § 7603(a), an IRS revenue agent personally served Mr. Wessell with the summons on September 26, 2018.

11. The summons seeks records that may identify the names and transactional activities of the John Doe class comprised of U.S. persons who used the Wessell Group's services between 2012 and 2017 to establish, maintain, operate, or control: any foreign financial account or other asset; any foreign corporation, company, trust, foundation, or other legal entity; or any foreign or domestic financial account or other asset in the name of a foreign entity.

12. Although Mr. Wessell has produced some documents in response to the summons, his production is incomplete.

13. The missing documents may be relevant to the IRS's determination of the correct income tax liabilities of United States persons who used the services of the Wessell Group between 2012 and 2017 to establish, maintain, operate, or control: any foreign financial account or other asset; any foreign corporation, company, trust, foundation, or other legal entity; or any foreign or domestic financial account or other asset in the name of a foreign entity.

14. The IRS is not seeking reproduction of documents Mr. Wessell has already produced. The remaining documents are not already in the IRS's possession.

15. All administrative steps required by the Internal Revenue Code for issuance and service of the summons have been followed.

16. As of the date the summons to Mr. Wessell was issued, the identities of the John Does were unknown. Accordingly, the IRS could not know at the time the summons was issued whether there was any "Justice Department referral," as that term is described in 26 U.S.C. § 7602(d)(2), in effect for the years between 2012 and 2017 related to the John Does. Additionally, because the IRS still does not know the identities of John Does who Mr. Wessell

has not yet identified, the IRS does not know whether there is any Justice Department referral currently in effect with respect to the years 2012 through 2017 for those John Does.

17. As a result of the partial production that Mr. Wessell has made, the IRS was able to identify more than 24,000 names that could be part of the John Doe class. The IRS searched these names to determine whether any of them are subject to a Justice Department referral related to the years 2012 through 2017. The IRS identified four individuals who are subject to Justice Department referrals related to the relevant timeframe. The IRS is not seeking the production of additional documents related to these individuals. However, all of the information related to these referrals is the return information of those taxpayers and, as such, is protected from disclosure pursuant to 26 U.S.C. § 6103. As a result, the IRS cannot identify these individuals to Mr. Wessell so that he can cull their non-responsive records from the production we seek. To ensure strict compliance with § 7602(d)(2), the IRS will utilize a filter team to review all documents that are newly produced by Mr. Wessell in response to this petition to enforce. The filter team can determine whether any of the newly produced documents relate to any of the four individuals who are subject to Justice Department referrals for the relevant years. To the extent that any of the newly produced documents relate to any of these four individuals, the filter team will destroy the documents related to these individuals. For all newly produced documents pertaining to taxpayers who are not the subject of a Justice Department referral for the relevant years, the filter team will provide the documents to the IRS team assigned to the Wessell Group matter.

18. In order to obtain enforcement of a summons, the petitioner must establish that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within the IRS's possession; and (4) satisfies

all administrative steps required by the Internal Revenue Code. *United States v. Powell*, 379 U.S. 48, 57–58 (1964).

19. In further support of this petition and incorporated herein by reference, the United States submits a brief and the declaration of IRS Supervisory Revenue Agent Karen Cincotta. The United States has met the *Powell* factors through these documents.

WHEREFORE, the United States respectfully requests that the Court:

A. Order Mr. Wessell to show cause in writing why the summons should not be enforced;

B. Direct Mr. Wessell to appear before Supervisory Revenue Agent Karen Cincotta, or any other proper officer or employee of the Internal Revenue Service, and produce for examination books, records, papers, and other data as required by the summons;

C. Award the United States the costs it incurs through this action; and

D. Provide such further relief as it deems just and proper.

Dated: May 24, 2022                     Respectfully Submitted,

David A. Hubbert
Deputy Assistant Attorney General

**Jeremy A. Rill**
Jeremy A. Rill
Special Bar No. A5502675
Fla. Bar No. 124485
**Amy Matchison**
Amy Matchison
Special Bar No. A5502904
Cal. Bar No. 217022
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
202-307-0513 (Rill)
202-307-6422 (Matchison)
Fax: 202-514-4963
Jeremy.A.Rill@usdoj.gov
Amy.T.Matchison@usdoj.gov

Of Counsel:

Juan A. Gonzalez
United States Attorney
Southern District of Florida