UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 0:22-cv-60988-Moreno/Strauss

UNITED STATES OF AMERICA, )
                                                          )
      Petitioner, )
                                                          )
v. )
                                                          )
KEVIN W. WESSELL, )
                                                          )
      Respondent. )
_____)

**WESSELL'S RESPONSE IN OPPOSITION TO**
**UNITED STATES' PETITION TO ENFORCE IRS SUMMONS**

Respondent Kevin W. Wessel, through undersigned counsel, responds in opposition to the United States' Petition to Enforce IRS Summons, Doc. 1 in this action, and says:

1. Mr. Wessell admits that 26 U.S.C. §§ 7402(b) and 7604(a) are available to be used to enforce IRS summonses.

2. Wessell admits that the Court has jurisdiction over this proceeding pursuant to 26 U.S.C. §§ 7402(b) and 7604(a) and 28 U.S.C. §§ 1340 and 1345.

3. Mr. Wessell admits that he resides or may be found within the boundaries of this judicial district.

4. Mr. Wessell is without knowledge of whether the IRS is conducting an investigation to determine the identities and correct income tax liabilities of United States persons who used the services of the Wessell Group between 2012 and 2017 to establish, maintain, operate, or control: any foreign financial account or other asset; any foreign corporation, company, trust, foundation, or other legal entity; or any foreign or domestic financial account or other asset in the name of a foreign entity or not.

6

5. Mr. Wessell admits that "The Wessell Group" has been associated with various entities and websites and that he has from time to time done business with these entities and websites using the appellation "The Wessell Group."

6. Mr Wessell admits that the entities and websites associated with The Wessell Group have included the following entities at various times: Eagle Estate, LLC which was declared inactive by the Wyoming Secretary of State in 2017; Lincoln International Services, Inc., which had its charter revoked by the Nevada Secretary of State in 2016; Lincoln Management Group, LLLP which was reported inactive by the Wyoming Secretary of State in 2017; Eagle Rock Mountain, LP (later known as Eagle Estate LLC) and reported inactive by the Wyoming Secretary of State in 2017; LAP Trust; Incway Corporation Which Will Do Business In California As Companies Incorporated; Companies Inc. that was sold to David Tan in 2013 and later re-domiciled and changed its name to Worldwide Education Services and then dissolved or liquidated the same year; Worldwide Education Services which was dissolved or liquidated in 2013; 1-800-Company which is merely a telephone number; 1-800-Company, LLLP which had its charter revoked by the Nevada Secretary of State in 2016; Presidential Services Incorporated which had its name changed to PSI Holdings whose charter was revoked by the Nevada Secretary of State in 2015; PSI Holdings, Inc. formerly known as Presidential Services Incorporated but charter revoked in 2015; National Management Associates, Inc., doing business in California as General Corporate Services, Inc.; not Offshore Corporation as there does not appear ever to have been such a company; OffshoreCorporation.com, which is a website; not Offshore Company, Inc., as there does not appear ever to have been such a company (although there may have been a website with a similar name); CanadianCorp.com, which was a website but does not appear to be an active website at this time; and Corporacion.com, which

was a website but does not appear to be an active website at this time.

7. Mr. Wessell admits that the United States filed sealed *ex parte* petitions, pursuant to 26 U.S.C. § 7609(f), in three jurisdictions seeking leave to serve "John Doe" summonses. The petition filed in this Court sought permission to serve a summons on Mr. Wessell.

8. Mr. Wessell admits that on September 13, 2018, Judge William P. Dimitrouleas signed a sealed order granting the United States' petition. That order and the remaining case documents were subsequently unsealed on September 28, 2018.

9. Mr. Wessell is without knowledge whether it was done in accordance with 26 U.S.C. § 7609(f) and Judge Dimitrouleas's order, but he admits that he was served with a summons directing him to appear on October 26, 2018 at 10:00 a.m. before IRS Supervisory Revenue Agent Karen Cincotta or her designee at the Internal Revenue Service Office at 7850 SW 6th Court in Plantation, FL, to provide testimony or, in the alternative, to produce for examination documentary information defined and described in the summons.

10. Mr. Wessell admits he was served with the summons in 2018.

11. Mr. Wessell replies to the allegations of paragraph 11 by referring the Court to the actual language of the summons and the conduct of the United States in refusing to provide assistance in searching its electronic documents to locate items fitting the descriptions in the summons and, ultimately, simply insisting that Mr. Wessell produce all of his electronic documents so that the United States could do its own searches the full content of which it never disclosed to Mr. Wessell until the filing of these proceedings.

12. Contrary to the allegations of paragraph 12, Mr. Wessell believed that his production in response to the summons was complete when made and that he had otherwise complied with the summons. Over 600,000 separate electronic documents were produced in

February 2020. While there were some discussions about the inability of the United States to locate certain information between February 2020 and the summer of 2020, there was no meaningful discussion about what difficulties the United States was having beyond stating that, months after the completion of Mr. Wessell's production, records obtained from third parties pursuant to other summonses at unknown times contained names that the United States could not find in the documents produced by Mr. Wessell. Instead, the United States waited nearly two years from the last meaningful discussion about the sufficiency of the production to bring its difficulties to the attention of Mr. Wessell and his counsel – not by a telephone call, not by a letter, not by e-mail, but by filing this action which was never served on Mr. Wessell.

13. Mr. Wessell admits that there may be documents in the world relevant to the IRS's determination of the correct income tax liabilities of United States persons who used the services of the Wessell Group between 2012 and 2017 to establish, maintain, operate, or control: any foreign financial account or other asset; any foreign corporation, company, trust, foundation, or other legal entity; or any foreign or domestic financial account or other asset in the name of a foreign entity.  However, without more information it is impossible to tell whether any of those documents are in the possession of Mr. Wessell.

14. Mr. Wessell is without sufficient knowledge of what the IRS is now seeking to be able to admit or deny the allegations of paragraph 14.

15. Mr. Wessell admits that all administrative steps required by the Internal Revenue Code for issuance and service of the summons were followed before the initial issuance of the summons. However, Mr. Wessell believes that to be irrelevant under the circumstances of this case, where he has, at great expense, produced over 600,000 documents with the assistance of one of the foremost providers of electronic discovery.

16. Mr. Wessell has insufficient information to admit or deny the allegations of paragraph 16 of the Complaint.

17. Mr. Wessell has insufficient information to admit or deny the allegations of paragraph 17 of the Complaint.

18. Paragraph 18 of the complaint is legal argument which does not require and answer.

19. In response to the allegations of paragraph 19, Mr. Wessell reiterates that the brief allegedly incorporated by reference is legal argument that does not require an answer. Further, the affidavit submitted with the Complaint is hearsay unless the affiant testifies at the evidentiary hearing scheduled for July 21, 2022.

/s/ Edward A. Marod
**EDWARD A. MAROD**
Florida Bar No. 238961
**MARTIN R. PRESS**
Florida Bar No. 164524
*Counsel for Respondent*
Primary: emarod@gunster.com
Secondary: dpeterson@gunster.com
**GUNSTER, YOAKLEY & STEWART, P.A.**
777 S. Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
Telephone: (561) 655-1980
Facsimile: (561) 655-5677

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the below Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

                                            */s/ Edward A. Marod*
                                            Edward A. Marod

## SERVICE LIST

**Amy Matchison**
U.S. Department of Justice
Tax Division
Civil Trial Section, Western Region
P.O. Box 683
Washington, DC 20044
Amy.T.Matchison@usdoj.gov

**Jeremy A. Rill**
U.S. Department of Justice
Tax Division
Civil Trial Section, Southern Region
P.O. Box 14198
Washington, DC 20044
Jeremy.A.Rill@usdoj.gov