IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

UNITED STATES OF AMERICA,

    Petitioner,

v.                                                     Case No. 22-60988-CIV-MORENO

KEVIN W. WESSELL,

    Respondent.
_____/

## MOTION TO REOPEN CASE TO DETERMINE COSTS

Respondent, Kevin W. Wessell, moves the Court to enter an order re-opening the above-captioned case for the sole purpose of determining an award of costs associated with Respondent's compliance with Petitioner's "John Doe" summons served on September 26, 2018, and the reasonable reimbursement of said costs. In further support of this motion, Respondent states as follows:

1. Petitioner initially filed the United States' Petition to Enforce IRS Summons commencing this case on May 24, 2022. [D.E. 1].

2. Petitioners alleged that "[a]lthough Mr. Wessell has produced some documents in response to the summons, his production was incomplete." *Id.* at ¶ 12.

3. Despite having produced upwards of 600,000 electronic documents and associated privilege log prior to the filing of this case, on or about July 29, 2022, Respondent produced an additional 3.5 terabytes of data (approximately 12,250,000 electronic documents) to Petitioner to complete the production to the extent necessary to satisfy Petitioner.

4. Based on this additional production, on September 13, 2022, the parties entered a Joint Stipulation of Dismissal. [D.E. 23].

ACTIVE:17014060.3

5. On September 15, 2022, this Court then entered the Final Order of Dismissal and Order Denying All Pending Motions as Moot. [D.E. 24].

6. On November 3, 2022, after the completion of Petitioner's review of the additional documents produced, Petitioner sent a letter to Respondent informing him that "as of September 13, 2022, [Respondent], has substantially complied with the Internal Revenue Service's John Doe summons" and that Respondent was "hereby released of his obligation to provide any further documentation with respect to the Wessell Group John Doe summons." *See* November 3, 2022, Department of Treasury Letter, attached as **Exhibit A**.

7. Under 26 U.S.C. Section 7610(a)(2), a non-target Respondent who complies with an IRS summons seeking data about others is entitled to "reimbursement for such costs that are *reasonably necessary* which have been directly incurred in searching for, reproducing, or transporting books, papers, records, or other data required to be produced by summons." (emphasis added).

8. Due to the complex and sensitive nature of responding to the summons in this case, Respondent was required to engage eDiscovery specialist Fredrick E. Owens ("**Owens**") (an employee of Wessell's counsel's firm) along with the consulting firm FTI Consulting, Inc. ("**FTI**") in order fully to comply with the summons. *See* Declaration of Kevin W. Wessell, attached as **Exhibit B**.

9. In order to address the issues raised in the petition and comply with the summons, Owens and FTI, collected and processed an additional 3.5 terabytes of data (approximately 12,250,000 electronic documents) in less than a month's time and, in an effort to reduce costs, produced said data without taking the time to remove duplicate information or conduct a comprehensive privilege review. *See* Declaration of Frederick E. Owens, attached as **Exhibit C**.

10. On January 25, 2023, Respondent submitted a letter to Petitioner, via its representative, Karen Cincotta ("**Cincotta**"), that included Form 6863, Invoice and Authorization for Payment of Administrative Summons Expenses, along with documentation of all monies spent by Respondent in complying with the John Doe summons. The total amount was $168,402.47. *See* January 25, 2023, Letter to K. Cincotta and associated documentation, attached as **Composite Exhibit D**.

11. On February 1, 2023, Cincotta responded via email requesting an explanation of certain fees listed on Respondent's Form 6863. *See* February 1, 2023, Email from K. Cincotta, attached as **Exhibit E**.

12. On February 16, 2023, Respondent submitted a letter to Petitioner, via its representative, Cincotta, providing an explanation of those certain fees and again requesting reimbursement of the expenses listed on the Form 6863. *See* February 16, 2023, Letter to K. Cincotta, attached as **Exhibit F.**

13. On February 17, 2023, Cincotta responded to Respondent's request via email stating that, instead of reimbursing Wessell the $168,402.47 that was submitted via the Form 6863, Petitioners would only be reimbursing Respondent $5,720.55. *See* February 17, 2023, Email from K. Cincotta, attached as **Exhibit G**.

14. In this email, Cincotta informed Respondent that, according to Treasury Regulation Section 301.7610-1(c)(2)(i), all personnel hours submitted would be reimbursed at a rate of $8.50 per hour and that the costs associated with hosting the data in order to perform the search would not be reimbursed. *Id.*

15. Asking Respondent to spend over $160,000 of his own resources responding to a John Doe summons in aid of an Internal Revenue Service investigation is unreasonable under 26 U.S.C. Section 7610(a)(2), which provides for reimbursement of all costs

"reasonably necessary" in complying with such a summons. In order to complete the requested compliance in the short time allowed, $8.50 per hour employees simply could not do the job.

16.	Precedent for the ultimate relief sought includes *United States v. Cmty. Bank & Trust Co.*, where the court doubled the prescribed reimbursement rate and not only held that the "district court properly allowed…reimbursement in excess of the amount authorized by Section 7610," but that "nothing in the language or history of Section 7610 [] supports the proposition that federal courts have lost the inherent power to scrutinize IRS administrative regulations." 768 F.2d 311, 313 (10th Cir. 1985).

WHEREFORE, Respondent requests an Order Granting the relief sought herein.

Dated:  May 19, 2023

>	*/s/    Edward A. Marod*
>	**EDWARD A. MAROD**
>	Florida Bar No. 238961
>	**MARTIN R. PRESS**
>	Florida Bar No. 164524
>	*Counsel for Respondent*
>	Email:  emarod@gunster.com
>	Email:  dpeterson@gunster.com
>	**GUNSTER YOAKLEY & STEWART, P.A.**
>	777 S. Flagler Drive, Suite 500 East
>	West Palm Beach, FL 33401
>	Telephone: (561) 655-1980
>	Facsimile: (561) 655-5677

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2023, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the below Service List via transmission of Notices of Electronic Filings generated by CM/ECF.

                                            */s/ Edward A. Marod*
                                            Edward A. Marod

## SERVICE LIST

**Amy Matchison**
U.S. Department of Justice
Tax Division
Civil Trial Section, Western Region
P.O. Box 683
Washington, DC 20044
Amy.T.Matchison@usdoj.gov

**Jeremy A. Rill**
U.S. Department of Justice
Tax Division
Civil Trial Section, Southern Region
P.O. Box 14198
Washington, DC 20044
Jeremy.A.Rill@usdoj.gov